Filed 12/29/23  P. v. Stanhope CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL MICHAEL STANHOPE,<br><br>    Defendant and Appellant. | D082415<br><br><br><br>(Super. Ct. No. SCS283236) |

APPEAL from an order of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2016, Paul Michael Stanhope entered into a plea agreement. Under the terms of that agreement, Stanhope pleaded guilty to three counts of committing a lewd act upon a child under the age of 14 (Pen. Code,[1] § 288, subd. (a)) and three counts of committing a lewd act upon a child aged 14 or

---

[1]    All undesignated statutory references herein are to the Penal Code.

15 while being at least 10 years older than the child (§ 288, subd. (c)(1)). Stanhope admitted a substantial sexual conduct enhancement for the three counts of committing a lewd act upon a child under the age of 14. (See § 1203.066(a)(8).) Pursuant to Stanhope's plea bargain, the trial court sentenced him to a cumulative prison term of 14 years, which included the upper term for the first count of committing a lewd act upon a child under the age of 14 and one-third of the middle term for the remaining counts.

In April 2023, Stanhope filed a petition for resentencing based on the enactment of Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) and Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.3), both of which amended the determinate sentencing scheme in section 1170. Senate Bill No. 567 made the middle term the presumptive maximum unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1)–(2); *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 (*Flores*).) Assembly Bill No. 124 requires imposition of the lower term if certain circumstances (e.g., "psychological, physical, or childhood trauma") contributed to the commission of the offense "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095 (*Gerson*).)

Stanhope contended Senate Bill No. 567 and Assembly Bill No. 124 apply retroactively to reduce his sentence. The trial court disagreed, finding that the amendments to section 1170 only applied to defendants whose

convictions were not yet final when Senate Bill No. 567 and Assembly Bill No. 124 became effective. As Stanhope's conviction had become final "well before" 2022, the court concluded he was not entitled to resentencing.

Stanhope appealed. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks us to review the record for error as mandated by *Wende* or, alternatively, to exercise our discretion to review the record to the extent we determine *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) applies. We notified Stanhope of his right to file his own brief on appeal. He has responded by filing a supplemental brief, which we will discuss later in this opinion.

### DISCUSSION

Because this appeal comes from an order denying a petition for postconviction relief, the procedures set out in *Wende* do not apply. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222, 226–227.) Instead, we must "evaluate the specific arguments presented" in Stanhope's supplemental brief. (*Id.* at p. 232.) We also have the option (but are not required) to conduct our own independent review of the record. (*Ibid.*)

To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one issue that was considered in evaluating the potential merits of this appeal: whether the trial court properly denied Stanhope's petition for resentencing because Senate Bill No. 567 and Assembly Bill No. 124 were not retroactive to his case, which was final years ago.

In his supplemental brief, Stanhope contends the trial court erred in denying his request to retroactively apply Senate Bill No. 567 and Assembly Bill No. 124 to his conviction. But the ameliorative effects of those

3

enactments are only applicable to "nonfinal convictions." (*Flores, supra*, 73 Cal.App.5th at p. 1039; see also *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 926; *Gerson, supra*, 80 Cal.App.5th at p. 1095.) *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) "continues to stand for the proposition that (i) in the absence of a contrary indication of legislative intent, (ii) legislation that ameliorates punishment (iii) applies to all cases that are *not yet final* as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675, italics added.) Stanhope does not contest that his conviction became final well before the effective date of the amendments to section 1170. He instead argues an exception to the *Estrada* rule applies here. However, he bases his argument on *People v. Yearwood* (2013) 213 Cal.App.4th 161, which dealt with an entirely different statutory scheme. The statute in *Yearwood* included "the functional equivalent of a saving clause" allowing retroactive relief for certain prisoners serving life sentences. (*Id.* at pp. 168, 172, 175–176.) Stanhope has failed to identify any similar provision applicable to his conviction.

Stanhope contends not applying Senate Bill No. 567 and Assembly Bill No. 124 retroactively violates his equal protection rights under the federal and state Constitutions. But our Supreme Court has consistently rejected equal protection claims based on the timing of the effective date for ameliorative statutes. (*People v. Floyd* (2003) 31 Cal.4th 179, 188 [collecting cases]; *Baker v. Superior Court* (1984) 35 Cal.3d 663, 668 [" 'A refusal to apply a statute retroactively does not violate the Fourteenth Amendment.' "].) Stanhope presents no authority to the contrary.

Finally, Stanhope requests that we stay this appeal pending our Supreme Court's consideration of *People v. Mitchell*, review granted December 14, 2022, S277314. That case presents the issue of whether Senate Bill No. 567 can apply retroactively to reduce a stipulated sentence imposed pursuant to a plea agreement *on direct appeal*. (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1056.) As the parties in that case agreed (consistent with *Estrada*) that Senate Bill No. 567 could be applied retroactively to the nonfinal conviction, the Court of Appeal focused on whether Senate Bill No. 567 could provide relief from a stipulated sentence. (*Mitchell*, at pp. 1056–1059.) In contrast here, Stanhope's conviction has been final for years. As we have already explained, that makes Senate Bill No. 567 and Assembly Bill No. 124 inapplicable to his conviction. Regardless of what our Supreme Court decides in *Mitchell* regarding retroactive application to stipulated sentences, it is unlikely to modify the default rule against applying ameliorative statutes to final convictions. We decline to stay this appeal pending a decision in *Mitchell*.

We have independently reviewed the record consistent with the requirements of *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Stanhope on this appeal.

## DISPOSITION

The order denying Stanhope's petition for resentencing is affirmed.


                                                        BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.